IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,

      Plaintiff

v.

KATRICE ETCHIN,

      Defendant.

REPORT AND
RECOMMENDATION

07-cr-139-bbc-03

_____

## REPORT

  Before the court is defendant Katrice Etchin's motion to suppress evidence in this case. For the reasons stated below, I am recommending that this court deny Etchin's motion. Because of the unusual procedural posture of this motion, I start with a chronology:

  In October 2007, the grand jury charged Maurice Bowman, alone, with trafficking crack cocaine. Dkt. 2. On May 2, 2008, Bowman filed a motion to suppress evidence seized following execution of a search warrant at 5834 Russett Road, Apt. 1, in Madison, Wisconsin, where Katrice Etchin lived with her children (one of whom is Bowman's). Dkt. 13.

  On May 14, 2008, the grand jury returned a superseding indictment charging Bowman, Etchin and Albert Cole with conspiring to distribute over 5 kilograms of powder cocaine and over 50 grams of crack cocaine, and with possessing 50+ grams of crack cocaine with intent to distribute it. The grand jury also charged Etchin with unlawfully using her apartment as a drug house. Dkt. 25. On June 26, 2008, Bowman filed a "superseding" motion to suppress the evidence seized from Etchin's apartment. Dkt. 44.

  On September 30, 2008, Etchin filed her own motion to suppress the evidence seized from her apartment, including a *Franks* challenge to the search warrant affidavit.[1] Dkt. 79. At a telephonic status conference that same day, Etchin and the government stipulated that the court

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

could consider certain additional facts that had not been included in the challenged search warrant affidavit. I allowed a relaxed briefing schedule because Etchin had no looming trial date. Dkt. 85. On October 1, 2008, Etchin entered a guilty plea to the drug house charge while reserving her right to pursue her suppression motion. Dkt. 87.

Bowman still had a November 10, 2008 trial date, so briefing on his motion to suppress evidence proceeded on a faster track, so that all three briefs on Bowman's motion (dkts. 90, 92, 98) were filed before Etchin filed her first brief on October 23, 2008 (dkt. 101). Bowman, like Etchin, made *Franks* challenges to the search warrant, alleging material omissions by the affiant. The government accommodated Bowman in the same fashion it had accommodated Etchin in this regard, so I accepted the proffered omissions and considered them when analyzing Bowman's challenges to the agents' entry into Etchin's apartment and the validity of the subsequently-issued search warrant.

On October 27, 2008, the government filed its response to Etchin's motion to suppress. Dkt. 107. Among other things, the government took issue with some of the factual contentions offered by Etchin in support of her motion, *id.* at 2, n.1 On October 28, 2008, I discussed with Etchin and the government the parameters of the stipulated facts that the court was to consider when ruling on Etchin's motion. Dkt. 108. The government confirmed that it was not then requesting an opportunity for Detective Wegner, the search warrant affiant, to testify as to his good faith at a *Franks* hearing, but that it reserved the right to elicit such testimony if the court determined the existing record called into question Detective Wegner's scienter. Etchin asked for and received an extension until November 10, 2008, to file her reply brief. *Id.*

On October 29, 2008, Bowman pleaded guilty to the possession-with-intent charge. Dkt. 118. On October 31, I issued a report and recommendation on Bowman's motion to suppress

evidence in which I found no fourth amendment violations in the search of Etchin's apartment. Among other things, I concluded that: even including the additional information suggested by Bowman, there was probable cause to support the warrant; the police always had intended to seek this warrant if necessary, but first contacted Etchin at the apartment to attempt to obtain her consent to search the apartment; once Etchin insisted upon a warrant, the police were justified remaining in the apartment until the warrant issued in order to prevent the destruction of evidence, pursuant to *Segura v. United States*, 468 U.S. 796 (1984). Dkt. 125.  On November 13, Bowman filed his objections to the report and recommendation.  Dkt. 134.  That same day I granted Etchin's motion to extend her reply brief deadline to November 17, 2008.  Dkt. 122. Etchin missed this deadline without explanation.

On November28, 2008, the district judge adopted the report and recommendation and denied Bowman's motion to suppress evidence seized from Etchin's apartment.  The court found that the police had acted lawfully when they entered Etchin's apartment over her objections to secure it pending a search warrant and that the state court judge had sufficient information before him to find that probable cause existed for the issuance of a search warrant. Dkt. 140.

On December 10, 2008, Etchin filed a 42-page reply brief, dkt. 145, along with a motion for leave to file instanter (dkts. 147-48), which I granted. Dkt. 152.  Etchin's reply brief does not mention the report and recommendation or the subsequent order denying Bowman's similar motion to quash the same warrant and suppress the same evidence.  This struthious approach is risky: under the "law of the case" doctrine, courts generally should not reopen issues decided in earlier stages of the same litigation.  *United States v. Harris*, 531 F.3d 507, 512-13 (7th Cir. 2008).[2]

---

[2] In *Harris*, the defendant unsuccessfully invoked the law of the case doctrine to protest the court's reversal of a finding in defendant's favor on his *Franks* challenge to a search warrant.  *Id.*

3

The doctrine, however, is merely a presumption, the strength of which varies with the circumstances. It does not bar a court from revisiting its own evidentiary rulings. *Id.* Therefore, I am not going to sandbag Etchin or her attorney by deeming her motion mooted by the court's findings of fact and conclusions of law on Bowman's suppression motion.

On the other hand, having already considered all of the evidence and most of the cases upon which Etchin relies, there is no need to start from scratch when considering her challenges to the police entry into her apartment or the probable cause to support the warrant. I have read and re-read Etchin's briefs. Perhaps if this court had considered Etchin's motion and briefs prior to Bowman's, the fact section of the report and recommendation might have included more detail and Etchin's additional theories of suppression would have been explored in greater detail. But the outcome would not have changed: the court got the material facts right and reached appropriate conclusions of law.

In denying Bowman's motion to suppress, this court knew the details of informant Terrell Banks's heavy baggage, including the details not reported to Judge Fiedler. This court knew the details of Banks's call to Bowman to request a late night meeting. This court knew the details of Detective Reitzler's late night attempts to enter Etchin's apartment with the intent to seek consent to search. This court knew that Etchin invoked her right to insist upon a search warrant, which prompted the police to seize her apartment while waiting for a warrant to issue. This court knew these things because this court reviewed the same source materials that Etchin reviewed in preparing her briefs. The fact that Etchin has presented a longer, more detailed synopsis of these same facts–with numerous block quotes from reports and transcripts–does not change the court's view as to the legal conclusions that these facts establish. They establish that: there was probable cause to support the search warrant; the probable cause determination would not have been

different if the agents had provided more information to Judge Fiedler; task force agents did not act improperly by seeking consent to search from Etchin before obtaining the warrant; the agents always intended to obtain a warrant if their other gambits failed; and the agents were justified in securing the apartment to prevent the destruction of evidence while awaiting issuance of the warrant.

Etchin provides her own gloss of what the material facts establish, but for the most part it is a more impassioned, more prolix version of Bowman's gloss. Block-quoting the same dicta from *United States v. Salgado*, 807 F.2d 603, 609 (7th Cir. 1986) twice in the span of three pages, *see* dkt. 145 at 14 & 16, does not change this court's view that once Etchin learned that drug agents wanted to search the apartment for Bowman's crack, the cat was out of the bag, justifying a *Segura* entry, nor does it change this court's view that the police acted in good faith. Dedicating a six page section of the reply brief the independent source doctrine of *Murray v. United States*, 487 U.S. 533, 539 (1988) does not make this doctrine applicable to the facts of this case. This court already has found that the agents always intended to obtain a warrant, that the warrant would have issued even in the absence of information gleaned from the entry into Etchin's apartment, and that the contraband was lawfully seized during execution of that valid warrant. Having revisited these findings, I do not recommend that the court change any of them.

I cannot fault Etchin for covering all of her bases by responding to the government's good faith and proportionality arguments under *United States v. Leon*, 468 U.S. 897 (1984) and *Hudson v. Michigan*, 547 U.S. 586 (2006), but as noted in the first report and recommendation, both hinge on reckless or intentional misconduct by the officers, and this court found none.

Finally, I will not begrudge Etchin her jeremiad against what she perceives to be indisputably unconstitutional conduct by the drug agents. As one of the puzzle pieces in the

investigation, Etchin was besieged by task force agents who invaded her home late at night, disrupted her family and, from her perspective, ignored her insistence upon a warrant. Perhaps Etchin also is genuinely outraged that the police could obtain a warrant based on information squeezed out of a conniving recidivist crack trafficker like Banks. But due to their subject matter, drug investigations are messy, inconvenient and rife with compromises. This does not make them unconstitutional. For better or for worse, the concept of reasonableness encompassed by the fourth amendment is more dispassionate and pragmatic than Etchin would have it. Having carefully considered all of Etchin's proposed findings of fact and conclusions of law, I see no reason to deviate from this court's previous decision upholding the seizure, the warrant and the search.

## RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B) and for the reasons stated above, I recommend that this court deny defendant Katrice Etchin's motion to suppress evidence.

Entered this 18th day of December, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

| Chambers of | Telephone |
|---|---|
| STEPHEN L. CROCKER | (608) 264-5153 |
| U.S. Magistrate Judge | |

December 18, 2008

Timothy O'Shea
Assistant U.S. Attorney
P.O. Box 1585
Madison, WI 53701-1585

Anthony C. Delyea
Delyea & Cornia, LLC
520 University Ave., Ste 260
Madison, WI 53703

      Re:   United States v. Katrice Etchin
              Case No. 07-CR-139-C-03

Dear Counsel:

      The attached Report and Recommendation has been filed with the court by the United States Magistrate Judge.

      The court will delay consideration of the Report in order to give the parties an opportunity to comment on the magistrate judge's recommendations.

      In accordance with the provisions set forth in the newly-updated memorandum of the Clerk of Court for this district which is also enclosed, objections to any portion of the report may be raised by either party on or before December 30, 2008, by filing a memorandum with the court with a copy to opposing counsel.

      If no memorandum is received by December 30, 2008, the court will proceed to consider the magistrate judge's Report and Recommendation.

                                                               Sincerely,

                                                               /s/ M. Hardin for
                                                                Connie A. Korth
                                                                Secretary to Magistrate Judge Crocker

Enclosures
cc:     Honorable Barbara B. Crabb, District Judge